PER CURIAM
Granted. Considering the unique circumstances presented, it is ordered that the trial judge be recused. The case is remanded to the district court for random re-allotment of the case to another judge.
I dissent from the per curiam ordering the recusal of Judge Kelley in this matter. The recusal motion filed by plaintiff was referred to Judge R. Michael Caldwell, who conducted a thorough evidentiary hearing and correctly concluded there was no basis for the recusal of Judge Kelley. There has been zero evidence of any actual bias or prejudice on the part of Judge Kelley, and the trial court did not err in denying the motion. As this Court has stated consistently:
Recusation of judges is a serious and important legal procedure....In each possible recusal situation, there is a countervailing consideration which militates in favor of a judge's not recusing himself, or being recused; that is, that the judge has an obligation, part of his sworn duty as a judge to hear and decide *1046 cases properly brought before him. He is not at liberty, nor does he have the right, to take himself out of the case and burden another judge with his responsibility without good and legal cause.
In re Lemoine , 96-2116 (La. 1/14/97), 686 So.2d 837, 839-40.
In my view, there is no legal cause to recuse the trial judge in this matter and, accordingly, I dissent from the per curiam.